IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RODNEY PALMER, § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | CIVIL ACTION NO. 5:17-cv-262 | |
| § | | |
| FRENCH TRUCKING, INC. § | JURY DEMANDED | |
| AND JO CAROL SLAVEN § | | |
| *Defendants* § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Plaintiff, Rodney Palmer, complaining of Defendants, French Trucking, Inc. and Jo Carol Slaven, and in support thereof would respectfully show the Court as follows:

### I. VENUE AND JURISDICTION

1. Plaintiff, Rodney Palmer, (hereafter "Plaintiff Enriquez") is a resident of the State of Texas.

2. Defendant, French Trucking, Inc. (hereinafter "Defendant French Trucking"), is a corporation formed in and under the laws of the State of Tennessee and may be served with process through its registered agent, Rickey French 160 Bud Crockett Dr., Lexington, Tennessee 38351-4760.  Service of citation (with attached pleading) and thus proper notice of this legal proceeding is hereby requested.

3. Defendant, Jo Carol Slaven (hereafter "Defendant Slaven") is a commercial truck driver for French Trucking, Inc., and upon information and belief is a resident of the State of Tennessee.  Mr. Slaven may be served with process at his residence 139 Capps Rd., Camden, TN 38320.

4. The matter in controversy exceeds the sum or vale of $75,000, exclusive of interest and costs.

5. Diversity jurisdiction is invoked pursuant to 28 U.S.C. § 1332.  The motor vehicle accident, which is the subject of this complaint, occurred on in the County of Zavala, State of Texas.

## II.  NATURE OF THE CASE

6. On or about January 23, 2017, Plaintiff, Rodney Palmer, was travelling south on US 83, Zavala County, Texas.  At approximately the same time, Defendant's employee, Jo Carol Slaven, acting within the course and scope of his employment, was operating Defendant's 2016 International truck/tractor-trailer/rig ("tractor-trailer"), and travelling north on US 83, Zavala County, Texas.  Defendant Slaven crossed the center lane onto the wrong  side of the road and struck the vehicle operated by Plaintiff Rodney Palmer and causing him serious injuries.

7. At the time of the accident, Defendant Slaven was employed by the Defendant, French Trucking, Inc., was driving a semi-trailer owned by the Defendant, French Trucking, Inc. and was acting within the course and scope of his employment with French Trucking, Inc.

## III.  CAUSES OF ACTION

### COUNT I – NEGLIGENCE OF DEFENDANT SLAVEN

9. The allegations alleged in paragraph 1-7 are realleged and are incorporated herein by reference.

10. Defendant Slaven was a professional driver and had a duty to exercise care in the operation of the semi-trailer, and he breached that duty of care by, *intra alia:*

    a. Failing to keep a proper lookout;

    b. Failing to take proper evasive action;

    c. Failing to operate his vehicle in a prudent and reasonable manner;

    d.     Failing to keep a proper lookout;

    e.     Changing lanes when unsafe;

    f.     Failing to maintain a proper speed and control under the circumstances; and

    g.     Reckless driving.

11. Defendant Slaven's conduct was malicious, willful, reckless or in wanton disregard of the rights and safety of others.

12. As a direct and proximate cause of Defendant Slaven's negligence, Plaintiff Rodney Palmer sustained serious injuries and damages, including pain and suffering, mental anguish and distress, loss of enjoyment of life and loss of future earnings. Additionally, Plaintiff Rodney Palmer seeks relief for the injuries and damages pursuant to Texas State laws.

### COUNT II – NEGLIGENCE OF DEFENDANT FRENCH TRUCKING

13. Plaintiff, Rodney Palmer, incorporates by reference each and every allegation contained in Paragraphs 1 through 12 of Plaintiff's Complaint for Personal Injuries set forth above as though fully set forth herein.

14. Defendant Slaven was an employee of Defendant French Trucking and was acting within the course and scope of that employment at the time of the accident. As such, Defendant French Trucking is directly liable for the wrongful acts or omissions of Defendant Slaven.

15. Under information and belief, Defendant French Trucking is engaged in the business of commercial transportation throughout the United States.

16. Defendant French Trucking had a duty to exercise reasonable care in the management and operation of its commercial trucks.

17. Additionally, Defendant French Trucking had an obligation to the public to hire, train, retain, and supervise safe and competent drivers, and is liable for any and all damages that resulted from the negligence in its hiring, training retaining, or supervision of its employees.

18. Defendant French Trucking failed to exercise reasonable care in the management and operation of its commercial trucks, and failed to exercise reasonable care in the hiring, training supervising and/or retaining of its employees.

19. As a direct and proximate result of the aforementioned negligence and/or acts and omissions of the Defendant French Trucking, Plaintiff, Rodney Palmer, suffered serious injuries requiring substantial costs and expenses; past, present and future loss of enjoyment of life; past, present and future emotional distress; past, present and future pain and suffering; past, present and future loss of household services; all in an amount not presently determinable, for which he seeks relief pursuant to New Mexico State laws.

## COUNT III: NEGLIGENCE *PER SE*

20. The allegations alleged in paragraphs 1-19 are realleged and are incorporated herein by reference.

21. The following acts and/or omissions of Defendants constitute negligence *per se* by Defendants French Trucking and Slaven, jointly and severally, by and through their agents, servants and/or employees acting in the course and scope of employment:

   a. violation of § 392.2 – "Applicable Operating Rules";

   b. violation of § 66-8-113 – "Reckless Driving" and

   c. violation of § 66-7-3 NMSA – "Required obedience to traffic laws".

22. The unexcused violation of an administrative regulation or statute or ordinance established to define a reasonably prudent person's standard of care is negligence *per se.*

### COUNT IV.  LEGAL DAMAGES AND RECOVERIES TO COMPENSATE PLAINTIFF

23. At the time of his injuries, Plaintiff, Rodney Palmer, was in reasonably good health with a normal life expectancy.

24. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has suffered and will continue to suffer a tremendous loss of life and family. Plaintiff seeks all just and right remedies at law and in equity, including but not limited to:

    A. Reasonable medical care and expenses in the past.

    B. Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future.

    C. Loss of earnings in the past.

    D. Loss of earnings and earning capacity, which will, in all probability, be incurred in the future.

    E. Mental anguish in the past.

    F. Mental anguish in the future, which will in all probability, be incurred in the future.

    G. Pecuniary loss in the past.

    H. Pecuniary loss in the future, which will in all probability, be incurred in the future.

    I. And all other legal damages and just and right compensation as allowed both in law and in equity.

25. All losses, harm, and legal damages suffered by Plaintiff were caused by, and proximately caused by, Defendants' negligent acts and/or omissions (some of which are listed herein).  For all such claims and losses, Plaintiff now sues.

26. Plaintiff, Rodney Palmer requests monetary damages and punitive damages against the Defendants in amounts to be fixed by the trier of fact to be just and reasonable, for pre and pos-judgment interest, for court costs and for all other appropriate relief.

## JURY DEMAND

27. Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and against Defendant, jointly and severally, for compensatory damages in an amount within the jurisdictional limits of the Court; for exemplary damages, as addressed to each Defendant; for all pre-judgment and post-judgment interest as allowed by law and equity; for all costs of court; and for such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

*/s/ Gregory L. Gowan*
Gregory L. Gowan
Federal ID No. 19991
Texas Bar No. 00765384
**GOWAN ELIZONDO, LLP**
555 N. Carancahua, Ste 1400
Corpus Christi, Texas 78401
Telephone: 361.651.1000
Facsimile: 361.651.1001
ggowan@gelawfirm.com